## Grinstead v. Monroe County.

(Decided December 5, 1913).

### Appeal from Monroe Circuit Court.

1. Counties—How May Contract—Notice.—All persons must take notice that a county can contract only in the manner, and by the persons, and for the purposes expressly provided by statute; and those dealing with the county or other municipal corporations do so at their peril.

2. Coroners—Chemical Analysis of Exhumed Body—Employment of Physician.—Where a statute authorized the coroner, upon the receipt of an affidavit from any person or persons, stating that they believe and have reasonable grounds to believe that any person who is dead and buried, died from poisoning, or other illegal cause unknown, to have the body exhumed and a chemical analysis thereof made by a physician, the coroner is without right to employ a physician to make the analysis unless he has received the affidavit required by the statute.

GEO. H. MILLER and PORTER & SANDIDGE for appellant.

BAIRD & RICHARDSON and HEBRON LAWRENCE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant, a physician, brought this action against Monroe County to recover $240.00, fees and expenses for holding an autopsy and *post-mortem* examination on the body of Smith Vaughn, deceased. The services were performed under a contract with the Coroner of Monroe County, made by virtue of an Act of the Legislature, approved March 13, 1912, which reads, in part, as follows:

"That it is hereby made the duty of any coroner, county judge, or justice of the peace, upon the receipt of an affidavit from any person or persons stating that they believe and have reasonable grounds to believe that any person who is dead and buried, died from poisoning, or other illegal cause unknown, to have the body of said dead person exhumed, and have the proper chemical or other examination made of said body in order to determine the cause of death.

"When, in the opinion of the officer holding the inquest, it shall be necessary to have a *post-mortem* examination of the body of said dead person made during said inquest, he shall employ a competent surgeon or physician for that purpose, and if said officer suspects

poisoning he shall employ a competent chemist to ana-
lyze the body, or any part thereof." Acts 1912, p. 217.

The remaining portions of the Act are not material
to this case.

The petition alleges that Smith Vaughn died on Sep-
tember 3, 1909, and was buried September 5th of that
year, in Gamaliel Cemetery, in Monroe County; that on
the —— day of June, 1912, A. J. Lloyd, the coroner of
of Monroe County, employed appellant to hold an au-
topsy and *post-mortem* examination on the body of Smith
Vaughn; that said coroner exhumed the body of Vaughn
on June 13, 1912, whereupon the plaintiff made the au-
topsy and *post-mortem* examination under the employ-
ment above referred to, at an expense of $15.00, and
that his services were reasonably worth $225.00.

The fiscal court, having refused to pay any part of
the claim, or to recognize it, appellant brought this
action. The circuit court sustained a demurrer to the
petition, and the plaintiff appeals.

It will be seen that the statute above quoted provides
for two classes of examinations of the bodies of de-
ceased persons; first, for a proper chemical or other
examination of the body of any person who is dead and
buried, and secondly, for a *post-mortem* examination of
the body of a dead person during the holding of an in-
quest, and the employment of a competent chemist to
analyze the body in case the officer suspects poisoning.

In the first class of cases the action upon the part of
the coroner, or the acting officer, is somewhat unusual,
in that it authorizes him to exhume the body of a dead
person, regardless of the time that it may have been
buried; while in the second class the examination is made
during an inquest.

Furthermore, in the first class of cases it is a pre-
requisite to the coroner's right to exhume the body and
employ a chemical expert, that an affidavit should be
filed with the coroner from some person or persons, stat-
ing that they believe and have reasonable grounds to
believe that the person who is dead and buried, and
whose body it is proposed to exhume, died from poison-
ing, or other illegal cause unknown; while in the second
class of cases the affidavit is not required. In the case
of an inquest made before burial, the officer holding the
inquest has the right, under the statute, to employ a com-
petent surgeon or physician to make a *post-mortem* ex-

amination, and if he suspects poisoning, he shall employ a competent chemist to analyze the body, or any part thereof, without the supporting affidavit.

In the case at bar the petition wholly fails to show that any affidavit was filed with the coroner, and for the purposes of the demurrer it must be taken as true, that none was filed.

Does the absence of the affidavit invalidate the act of the coroner in employing Dr. Grinstead? If the affidavit was necessary, the act of the coroner was without authority, and was not binding upon the county.

We think the question is settled adversely to the claim of appellant by the decision of this court in Floyd County v. Owega Bridge Co., 143 Ky., 693, and many similar cases.

In the Floyd County case, *supra*, the bridge company sued to recover the contract price of three bridges which it had erected for the county. Instead of the fiscal court making the contract with the bridge company, it invested a committee of private citizens with authority to prescribe the plans and specifications for bridges; to fix the amount of money to be expended, and to make the expenditure a liability upon the county. In holding that the fiscal court had created no liability against the county by its action, we said:

"While this conclusion results in a great hardship to appellee, it is nevertheless a hardship which falls to every one contracting with a municipal corporation, who fails to inquire into the power of the corporation, or its officers, to make the contract. The rule is that all persons must take notice that a county can contract only in the manner and by the persons and for the purposes expressly provided by the statute; and those dealing with a county or other municipal corporations do so at their peril. (Trustees of Bellevue v. Hohn, 82 Ky., 1; Perry County v. Engle, 116 Ky., 594.)"

See, also, City of Owensboro v. Weir, 95 Ky., 158; District of Highlands v. Michie, 32 Ky. L. R., 761; City of Newport v. Schoolfield, 142 Ky., 293, and the cases there cited.

The right of the coroner to act under the first clause of the Act of 1912 depended upon his having first received the affidavit therein required; without it he was without authority to employ the appellant. It is clear under the authorities above referred to that he could

bind the county in no other way; and having failed to act in the manner prescribed by the statute, his employment of the appellant created no obligation which the county was bound to respect.

Judgment affirmed.