## Ballard, et al. v. City of Shelbyville.

(Decided March 22, 1918.)

### Appeal from Shelby Circuit Court.

1. Municipal Corporations—Construction of Sewers—Limitation Upon Indebtedness.—Under subsection 9 of section 3490 of the Kentucky Statutes providing that the board of council in cities of the fourth class shall have power to construct and maintain sewers, bridges, and culverts within the city without limitation, except as to the amount of the indebtedness that may be incurred, a determination of the council of a city that the construction of sewers is necessary, is conclusive on the inhabitants.

2. Municipal Corporations—Indebtedness—Constitutional Law. — In determining the amount of a city's annual indebtedness when compared with its annual income, under section 157 of the constitution, an indebtedness created pursuant to a vote of the people is not to be considered; but in such a case it is proper to take into account only the sums necessary to pay the annual running expenses, the annual interest, and a sum necessary to create a sinking fund sufficient to discharge the indebtedness upon its maturity.

3. Municipal Corporations—Bonds—Sinking Fund—Levy of Tax.— Where a municipal bond issue has been authorized by a vote of the people of a city of the fourth class, the municipal taxing authorities have the right, under section 159 of the constitution, to levy an additional tax, over and above that required for current expenses, if it be necessary to provide for annual interest on the bonds and for a sinking fund for the payment of the principal, even though it should be necessary to exceed the rate of seventy-five cents on the one hundred dollars authorized by section 157 of the constitution.

BEARD & PICKETT for appellants.

C. G. BARRICKMAN for appellee.

Opinion of the Court by Judge Miller—Affirming.

The appellants, residents and taxpayers of Shelby-ville, a city of the fourth class, brought this action to enjoin the city, its mayor, clerk, and board of council from issuing bonds of the city of the par value of $15,000.00. The proceeds of the bonds are to be used in the construction of a system of sewerage and drainage in Fair View and Catalpa Court Additions within the present boundary of Shelbyville.

The petition states that the assessment of taxable property within the city for the year 1916 was $3,121,-251.00; that for the year 1917 it was $3,134,022.00; and, that the revenue for the city for 1917 did not exceed $34,000.00. The only complaint made in the petition is that the proposed indebtedness of $15,000.00, when added to the present indebtedness of $23,100.00, will impose a total indebtedness of $38,100.00, which exceeds the income and revenue provided for said city for either the year 1917 or 1918, and exceeds the income and revenue that could have been legally provided for said city for either of said years.

The answer admits the purpose of the defendants to issue the bonds in question but denies that the proposed action will be illegal, for any reason. The answer also alleges that the tax rate to meet the expenses of the government of the city and its other indebtedness, the interest on the bonds for $15,000.00 proposed to be issued, and the creation of a sinking fund for the payment of these obligations as they become due, will not exceed seventy-five cents on each $100.00 of taxable property, the limit fixed by section 157 of the constitution, for the years 1917 and 1918, nor for the years the bonds will have to run; and, that the indebtedness of the city does not exceed the income and revenue provided for the city for the years 1916, 1917 and 1918.

The answer further sets out in detail the action taken by the members of the board of council of the city by resolution dated August 21, 1917, expressing the necessity of the additional system of sewerage in Fair View and Catalpa Court to cost not to exceed $15,000.00, and directing a vote to be taken at the next regular election held on November 6, 1917, upon the question whether the city should incur an indebtedness of $15,000.00 for the purpose above mentioned; that the notice of the election was published as required by law; that at the election

held November 6, 1917, pursuant to the notice, 339 of the qualified voters of the city voted in favor of the proposition and that 142 voted against it; and that the result of the election was properly canvassed and the returns were spread upon the records of the board of council.

The answer further shows that by a subsequent ordinance which was duly adopted, passed, and published as required by law, provision was made for issuing the bonds, the payment of the interest thereon, and the creation of a sinking fund for their retirement within fifteen years thereafter.

The circuit court overruled a demurrer to the answer; and, the case having been submitted upon the petition and answer, the court dismissed the petition. The plaintiffs appeal. The action of the board of council in determining that the construction of the sewers was necessary, is conclusive upon the inhabitants. Ky. Sts., sec. 3490, subsec. 9.

Shelbyville has about 6,000 inhabitants. Section 157 of the constitution, after declaring that the tax rate in cities and towns having less than ten thousand population shall not, except for school purposes, exceed seventy-five cents on each one hundred dollars of taxable property unless it should be necessary to enable the city to pay the interest on or provide a sinking fund for the payment of an indebtedness contracted before the adoption of the present constitution, further provides that no city shall be authorized or be permitted to become indebted, in any manner or for any purpose, to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose. And, section 158 of the constitution further provides, among other things, that cities of the fourth class shall not be authorized to incur an indebtedness exceeding five per centum of the taxable property therein.

Subsection 34 of section 3490 of the Kentucky Statutes provides the procedure for calling an election and the issuing of bonds thereunder whenever it becomes necessary for the city to create an indebtedness which cannot be met without exceeding the income and revenue provided for the city for that particular year. It is conceded in this case that all of these preliminary steps required by the constitution and statutes were taken; and, as above stated, the only complaint made by the petition

is that the indebtedness proposed to be created, when added to the present indebtedness, will exceed the income and revenue provided for the city for the year 1917 or 1918, or that could be legally provided under the constitution. This objection is met however by the allegations of the answer which were confessed by the demurrer thereto.

In determining the amount of a city's annual indebtedness under the above provisions of the constitution, when compared with its annual income, an indebtedness created pursuant to a vote of the people is not to be considered; but in such a case it is proper to take into account only the sum necessary to pay the annual running expenses, the annual interest, and the annual sum necessary to create a sinking fund sufficient to discharge the indebtedness upon its maturity.

Section 157 of the constitution above referred to expressly provides that a city may exceed its income and revenue provided for any year by the consent of two-thirds of its voters at an election to be held for that purpose; the only limitation upon that power being found in section 158 of the constitution which limits the indebtedness of a municipality of the fourth class to an amount not exceeding five per centum of its taxable property.

While the record shows the taxable value of the property within the city of Shelbyville to be $3,134,022.00 for the year 1917, and that the indebtedness of the city including the indebtedness now proposed will be less than five per centum of the taxable property, the record does now show what the tax rate of the city is or whether the annual tax rate to meet the expense of the city and its other indebtedness, including the interest on the bonds to be issued, and the creation of the sinking fund for their payment, will not exceed seventy-five cents on each $100.00 of taxable property; and, it has been suggested that the silence of the record upon this point is sufficient to invalidate the bonds which it is proposed to issue.

But, the bond issue having been authorized by a vote of the people, it is the right as well as the duty of the city taxing authorities, under section 159 of the constitution, to levy an additional tax, over and above that required for current expenses, if it be necessary to provide for the annual interest on the bonds, and for a sinking fund for the payment of the principal, even though it should be necessary to exceed the rate of seventy-five

cents on the hundred dollars. City of Winchester v. Nelson, 175 Ky. 64.

See also Tipton v. City of Shelbyville, 139 Ky. 541; which, although it was overruled by the Nelson case, *supra,* upon the point last above considered, is conclusive upon all other questions presented by this record.

The bonds are valid and the judgment is affirmed.