Affirming in first-styled appeal and reversing in the second.
These two appeals have been heard together and will be disposed of in one opinion. The first is from a judgment of the Rockcastle circuit court rendered on June 28, 1930, sustaining a demurrer to and dismissing the petition of appellant Parsons, who instituted this action for the benefit of himself and all other taxpayers of Rockcastle county, for the purpose of enjoining the collection of an alleged illegal tax levied by the fiscal court. The members of the fiscal court, the county clerk, and the sheriff were made parties defendant. The second appeal is from a judgment of the Rockcastle circuit court rendered on September 17, 1930, dismissing appellant's petition, as amended, seeking to vacate, pursuant to subsections 4 and 7, sec. 518, Civil Code of Practice, the judgment in the case of Parsons v. Arnold et al., rendered on June 28, 1930.
On April 1, 1930, the fiscal court of Rockcastle county made the following tax levy:
 "On motion of J.H. Lambert, justice, seconded by H.L. Smith, justice, all members voting in favor of said motion, the following tax levy for the year 1930 was fixed for the various funds and purposes as follows:
 "For general current expenses, 50c on each $100.00 of all taxable property in Rockcastle county, and all tangible and franchises of all corporations doing business in said county, and $1.00 poll on all male citizens between the ages of 21 and 70 years to be used for county road purposes. For road bonds, sinking fund 20c on the $100.00 of all taxable property as above described.
 "For interest and retiring funding bonds issued to take up floating indebtedness of county, 20c of all taxable property in said county, as above described.
 "For common public school purposes, 75c on each $100.00 of all taxable property in said county, outside of graded school districts, and $1.00 on all male citizens between the age of 21 and 70 years."
On June 18, 1930, appellant Parsons, a citizen and taxpayer of the county, suing for himself and all other taxpayers of the county, brought an action in which he sought an injunction restraining the collection of the *Page 603 
20-cent levy "for interest and retiring funding bonds, issued to take up floating indebtedness of the county," on the ground that the levy was unauthorized and illegal. The pertinent allegations of his petition are as follows:
 "Plaintiff states that at the Regular April Term, 1930, of the said Fiscal Court, an order was unanimously adopted by such court providing for interest and retiring outstanding Funding Bonds issued to take up the floating indebtedness of the County, 20c. on each $100.00 of all taxable property;' that such order provides also 'for general current expenses, 50c on each $100.00 of taxable property; for Road Bonds, 20c on each $100.00 of taxable property.'
 "Plaintiff says that levy of the 20c tax, or any part thereof, or any tax of any description outside the 50-cent levy imposed by such order, and outside the 20c tax imposed for Road Bonds, 'for interest and retiring outstanding Funding Bonds' is illegal and that unless restrained, the said Fiscal Court and other officers of the County thereunto impowered will cause the said 20c tax to be spread upon the tax duplicate, tax bills issued therefor and this plaintiff, and other tax payers in Rockcastle County on whose behalf he sues, will be compelled under penalty, if not paid, to pay the said 20c tax nowhere authorized in the constitution or laws of Kentucky."
It will be noted that the petition goes no further than to aver that the levy was illegal. No facts establishing such illegality are stated. Section 157 of the Constitution forbids a levy in any county in excess of 50 cents, exclusive of school tax, upon each $100 worth of its taxable property unless it should be necessary to enable such county to pay the interest on and provide a sinking fund for the extinction of indebtedness contracted before the adoption of the present Constitution. This section provides that a county may exceed its income and revenue provided for any year with the assent of two-thirds of its voters, voting at an election held for that purpose, but section 158 limits the aggregate indebtedness that may be incurred even with the assent of two-thirds of the voters. In construing these two sections of the Constitution and section 159, which provides that whenever *Page 604 
a municipality is authorized to contract an indebtedness it shall be required to provide for the collection of an annual tax sufficient to pay the interest on such indebtedness and to create a sinking fund for the payment of the principal, it has been held that the taxing authorities may levy an additional tax, over and above that required for current expenses, if it be necessary to provide for the annual interest on an indebtedness authorized by the voters and for a sinking fund for the payment of the principal, even though it should be necessary to exceed the maximum rate fixed by section 157, which for counties is 50 cents on the $100. Ballard v. City of Shelbyville, 180 Ky. 135, 201 S.W. 452; Nall v. City of Elizabethtown, 200 Ky. 321, 254 S.W. 893.
Section 157a of the Constitution permits a levy of not exceeding 20 cents upon each $100 worth of taxable property in the county, for the purpose of paying the interest on and providing a sinking fund for the payment of an indebtedness incurred for public road purposes, where such indebtedness has been authorized by the voters of the county at a special election held for that purpose.
Section 1839, Kentucky Statutes, provides:
 "The fiscal courts . . . . shall have jurisdiction to levy each year for county purposes . . . an ad valorem tax on all property subject to taxation within the county, whether belonging to natural persons or corporations, companies or associations, not to exceed fifty cents on each one hundred dollars in value thereof as assessed for State purposes, unless an additional tax be required to enable the county or taxing district thereof to pay the interest on and provide a sinking fund for the extinction of indebtedness of the county or district created prior to September twenty-eight, one thousand eight hundred and ninety-one, and for that purpose the fiscal court shall have jurisdiction to levy such additional tax as may be authorized by law in force prior to September twenty-eight, one thousand eight hundred and ninety-one, and shall superintend the collection of all such tax."
And section 1882, Kentucky Statutes, provides:
 "The court of claims or levy, or fiscal court, of each county in this Commonwealth is hereby authorized *Page 605 
to levy and collect a poll and ad valorem tax to pay off the existing current indebtedness, and to defray the current and necessary expenses of the respective counties of the Commonwealth of Kentucky. . . . The ad valorem tax shall not exceed 50 cents on the one hundred dollars' worth of taxable property assessed in the county."
In view of the above sections of the Constitution and statutes, the fiscal court was not authorized in making the 20-cent levy to pay the interest on and retire funding bonds issued to take up floating indebtedness of the county unless such indebtedness had been contracted before the adoption of the present Constitution or had been authorized by two-thirds of the voters of the county, voting at an election held for that purpose. In determining the sufficiency of appellant's petition, the following rules must be kept in view: A demurrer admits facts alleged but not the pleader's conclusions. Goodman v. Board of Drainage Commissioners, 229 Ky. 189,16 S.W.2d 1036; Calloway v. Bryant, 204 Ky. 160, 263 S.W. 687. And a pleading will be construed most strongly against the pleader. McBride v. Alles, 222 Ky. 725, 2 S.W.2d 391.
Here the petition merely alleged that the 20-cent levy "for the interest and retiring funding bonds" was illegal. This was a mere conclusion of the pleader. Construing the pleading most strongly against the pleader, the levy was valid if the funding bonds were issued to take up an indebtedness of the county contracted before the adoption of the present Constitution, or which had been authorized by the voters. The pleader should have negatived the existence of such a debt so as to enable the court to determine whether or not the levy to pay the interest on and retire the debt was invalid. A petition either asserting or challenging the validity of a municipal tax levy should state facts, not conclusions. King v. Christian County Board of Education, 229 Ky. 234, 16 S.W.2d 1053; Lawson v. City of Greenup, 227 Ky. 414, 13 S.W.2d 281; Pulaski County v. Richardson, 225 Ky. 556, 9 S.W.2d 523.
Whether the allegations essential to render the petition good on demurrer were omitted by design, or inadvertence, is not material, since the court could only consider what appeared in the record in this case. It follows *Page 606 
that the trial court did not err in sustaining the demurrer to the petition and the judgment in the first above-styled appeal must be and is affirmed.
After the judgment was rendered in the case of Parsons v. Arnold et al., the Louisville Nashville Railroad Company, appellant in the second above-styled case, instituted an action in the Rockcastle circuit court to vacate, on the grounds set out in subsections 4 and 7, sec. 518, Civil Code of Practice, the judgment rendered in the Parsons case, grant it a new trial, and enjoin the collection of the alleged illegal tax. Later more than 100 residents and taxpayers of the county filed a petition asking to be made parties plaintiff.
In the petition of the appellant Louisville Nashville Railroad Company, it was alleged in substance that the levy complained of was illegal because it exceeded the limitation fixed by section 157 of the Constitution; that the levy was not made for the purpose of paying the interest on or providing a sinking fund for the extinction of indebtedness contracted before the adoption of the present Constitution and that Rockcastle county owed no such debt; that the tax had never been authorized by a vote of two-thirds of the legal voters of the county and no election had ever been held to authorize the levy of the tax. The facts relative to the litigation in the case of Parsons v. Arnold et al., as alleged in the petition of the appellant Louisville Nashville Railroad Company, are as follows: The petition in the Parsons case was prepared by the county attorney of Rockcastle county and at his request was signed by R.B. Bird, an attorney of Mt. Vernon, Ky., who had no connection with the suit except to sign the petition as attorney for the plaintiff. J.W. Parsons instituted the action at the request of the county attorney, who assured him that the costs would be paid by Rockcastle county. The county attorney prepared a demurrer and left it with the petition with directions to the clerk of the Rockcastle circuit court not to file it until June 28, 1930. He also prepared and left with the petition the judgment which was later entered. A few days after the petition was filed the local attorney of the appellant Louisville Nashville Railroad Company notified the county attorney that he wished and expected to file a petition of the railroad company to be made a party plaintiff in the action, and it was agreed *Page 607 
between the county attorney and C.C. Williams, attorney for the railroad company, that the case would be tried on June 28, 1930. On June 24, 1930, they agreed that the case would not be tried on June 28, but would be passed to a future date for trial, and the county attorney wrote to the judge of the Rockcastle circuit court and notified him of the agreement and that the case would not be tried on June 28. Notwithstanding this agreement, the circuit judge went to Mt. Vernon, Rockcastle county, on June 28, 1930, and about 10 o'clock at night procured from the circuit clerk the papers in the case, and when none of the attorneys of the plaintiff or the defendants or C.C. Williams, who was to file the petition of the Louisville Nashville Railroad Company to be made a party, were present, tried the case and rendered a judgment sustaining the demurrer to and dismissing the petition without leave to the plaintiff to amend. The local attorney for the railroad company, relying on the agreement with the county attorney that the case would not be tried on June 28, was absent from Mt. Vernon on that day.
It was further alleged in the petition that the plaintiff Parsons acted under the control, direction, and domination of the county attorney; that the action was not prosecuted in good faith and was not properly prosecuted, but that the suit was prepared with the view of the plaintiff and the defendants acting in concert so that a demurrer would be sustained to the petition; that the facts alleged therein constituted a fraud practiced by the successful parties in obtaining the judgment, and on account of the agreement and understanding between the county attorney and the attorney for the railroad company, the trial of the case at such an unseasonable hour constituted an unavoidable casualty and misfortune preventing the Louisville and Nashville Railroad Company from appearing or filing a petition to be made a party to the action. The depositions of C.C. Williams, R.B. Bird, J.W. Parsons, the county attorney, and the circuit clerk were taken, and the testimony of these witnesses supports the allegations of the petition.
The defendants in the action to vacate the judgment in the case of Parsons v. Arnold et al., who were Parsons, the members of the fiscal court, the county clerk, and the sheriff of Rockcastle county, were summoned but made no defense. On the submission of the case the lower *Page 608 
court dismissed the petition on the theory that plaintiffs, who were seeking to vacate the judgment in the case of Parsons v. Arnold et al., were not parties to that suit, and therefore had no right under section 518 of the Civil Code of Practice to obtain a new trial or review of such judgment. The lower court seems to have so decided on the authority of Houston v. Commonwealth, 169 Ky. 445, 184 S.W. 388, 390. The rule announced in that case, however, has no application to the facts here.
In the Houston case the commonwealth of Kentucky instituted an action to forfeit the title and claim of numerous nonresident defendants, named in the petition, to a large tract of land situated in Leslie county. Edwin J. Houston was named in the caption and body of the petition as a defendant and alleged to be a joint owner of the land sought to be subjected to the forfeiture. Before the trial, however, the action was dismissed without prejudice as to him and he was not a party to the action when the judgment of forfeiture was rendered. After the death of Edwin J. Houston, his heirs and executor sought to vacate the judgment of forfeiture that had been theretofore rendered, and it was held that they were not entitled to a vacation of the judgment on any of the grounds allowed by section 518, Civil Code of Practice, since Edwin J. Houston was not a party to the action in which the judgment sought to be vacated was rendered, and he had been deprived of none of his rights by that judgment nor precluded from asserting his rights by resorting to the proper remedy. As said in the opinion in the Houston case, "It is a well-recognized rule that one not a party to an action cannot be deprived of his rights by a judgment rendered therein."
In the instant case, however, the appellants and all other taxpayers of Rockcastle county were affected by the judgment in the case of Parsons v. Arnold et al. Parsons brought the suit on behalf of himself and all other taxpayers of the county. It was a class suit and the judgment was binding on every member of the class. Civil Code of Practice, sec. 25; Black v. Elkhorn Coal Corporation, 233 Ky. 588, 26 S.W.2d 481. Appellants and all other taxpayers of Rockcastle county were, in law, parties to Parsons v. Arnold et al., and, as such, had the right to intervene and see that the case was properly conducted. That being true, under the facts alleged and *Page 609 
proven, appellants were entitled to have the judgment in the case of Parsons v. Arnold et al. vacated and a new trial granted. Any other conclusion would permit the rights of the public to be concluded by a collusive and fraudulent surrender of its rights in litigation in which the case is unfairly presented to the courts.
We are not unmindful of the rule that an action under section 518 of the Civil Code of Practice is not permissible where the grounds relied on to vacate the judgment can be considered on appeal. Hoover v. Dudley, 228 Ky. 110, 14 S.W.2d 410; McGuire v. Mishawauka Woolen Mills, 218 Ky. 530, 291 S.W. 747; Ison v. Buskirk-Rutledge Lumber Co., 205 Ky. 583,266 S.W. 243; Rice v. Blair, 161 Ky. 280, 170 S.W. 657; Duncan v. Allender, 110 Ky. 828, 62 S.W. 851, 23 Ky. Law Rep. 256. That rule has no application here, since the facts relied upon in the suit to vacate the judgment in the Parsons case did not appear in that case. The facts now presented show that the tax of which appellants complain has never been authorized by a vote of two-thirds of the legal voters of Rockcastle county, voting at an election held for that purpose, and that the county owes no debt contracted or created before the adoption of the present Constitution. The challenged levy exceeds the limit provided by section 157 of the Constitution and is therefore illegal, since that limit may not be exceeded to pay interest on and retire funding bonds issued to take up floating indebtedness of the county unless authorized by the voters of the county. City of Frankfort v. Fuss, 235 Ky. 143,29 S.W.2d 603.
The petition in the case now under consideration supplies the omissions which rendered the petition in the Parsons case defective on demurrer, and it appearing therefrom that the levy of 20 cents on the $100 of all taxable property in Rockcastle county, "for interest and retiring funding bonds issued to ake up floating indebtedness of county," is illegal, it follows that the trial court erred in dismissing appellants' petition and refusing to set aside the judgment in the case of Parsons v. Arnold et al., rendered on June 28, 1930.
Wherefore the judgment in the second above-styled case is reversed, with directions to set aside the judgment of June 28, 1930, in Parsons v. Arnold et al., grant appellants a new trial in that action, and for further proceedings consistent with this opinion. *Page 610