## City of Hopkinsville v. Wheeler.
(Decided June 18, 1937.)

J. CHARLES FLEMING for appellant.

W. H. SOUTHALL for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is a companion case to W. R. Wheeler, etc., v. City of Hopkinsville, 269 Ky. 289, 106 S. W. (2d) 1016, this day decided. In August, 1915, the city council of the City of Hopkinsville adopted an ordinance calling· for an election on the question of whether or not the city should be authorized to incur 'an indebtedness and issue 5 per cent. bonds in the amount of $100,000 to be used in the construction of various schools. The issuance of these bonds was approved by the voters. On January 1, 1936, when the bonds matured, there was a shortage of $30,000 in the sinking fund necessary to meet the o'bligations. This proceeding was commenced for the purpose of securing approval of an equal amount of 3½ per cent. refunding bonds to take care of this matured debt.

It was contended by the city in the court below that it had the right to levy a special tax . over and above the limit prescribed by section 157 of the Constitution for the purpose of setting up a sinking fund for these bonds. It is argued that, since they were authorized originally by a vote of the people, they are within the rule recogn'zed in McCrocklin· v. Nelson County Fiscal Court, 174 Ky. 308, 192 S. W. 494; City of Winchester v. Nelson, 175 Ky. 63, 193 S. W. 1040; Ballard v. Shelbyville, 180 Ky. 135, 201 S. W. 452; and various other cases. It is argued that the voters having authorized the creation of the indebtedness, a tax

must be levied to meet this obligation, and the taxing officials are not inhibited by the constitutional limita-tion of rates prescribed in section 157 of the Constitution.

The short answer to this contention is that the question submitted to the voters at the election in 1915 expressly provided that the tax to be levied for sinking fund purposes, "when added to all other taxes of said city for other than school purposes, shall not exceed the rate of $1.00 for each $100.00 of the value of the taxable property of said city." Plainly, the only authorization given by the voters was to pay off these obligations out of the funds raised within the constitutional tax rate. The city officials, without a vote of the people, have no authority to fix a tax rate in excess of the constitutional limit for the purpose of retiring these bonds.

It was developed in the companion case of Wheeler v. City of Hopkinsville that the city officials had depleted various sinking fund accounts for the purpose of paying obligations of the general fund. While it does not appear in this record that the sinking fund created for the payment of these school bonds was included among those thus ravished, it need hardly be pointed out that any shortages that may exist in the sinking fund back of the school bonds which are represented within the amounts bonded under the $149,-000 bond issue today approved for the general city floating indebtedness must be devoted to the purposes for which they were originally earmarked. When this is done, it will no doubt be possible for the city to take care of the instant obligations out of its general levy without difficulty.

No other question than the right of the city to levy an additional tax is argued.

Judgment affirmed.