## Wheeler v. City of Hopkinsville.

(Decided June 18, 1937.)

W. H. SOUTHALL for appellant.

J. CHARLES FLEMING for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

The city of Hopkinsville proposes to issue bonds of the par value of $149,000 for the purpose of funding certain indebtedness of the city. The aggregate amount of the indebtedness is $149,119.11, made up of $80,-160.25 owed to various creditors and $68,958.86 owed by the general fund of the city to the school fund and certain trust funds for moneys misappropriated by the city officials from these funds and claimed by them to have been expended for general city purposes. It is shown that the total sought to be funded is within limitations prescribed by sections 157 and 158 of the Constitution. The question of issuing bonds to refund the indebtedness was submitted to the electorate at the November, 1936, general election and was approved by more than two-thirds of the voters. A tax in excess of the limitation prescribed by section 157 of the Constitution was authorized by the election to amortize the bonds. This was proper so long as the debt refunded was within the limitations of section 158 of the Constitution. McCrocklin v. Nelson County Fiscal Court, 174 Ky. 308, 192 S. W. 494. The trial court approved the issue of bonds.

The only question argued by the appellant is that the city has no right to assume the payment of the shortages in the school and trust funds represented by the unlawful conversion by the city officials. The point is made under the provision of section 4281u-2 to the effect that:

"Any indebtedness contracted in violation of this section or of sec. 4281u-4 of this act shall be void, nor shall such contract be enforceable by the person with whom made; nor shall such county, city or town ever be authorized to assume the same, and money paid under any such contract may be recovered back by the county, city or town."

It is asserted in the briefs that a suit is now pending against the city commissioners and their bondsmen to recover the school and trust funds diverted, but there is nothing in the record to show the nature or status of these proceedings.

It is obvious that while the misappropriation of

money from the school fund and other funds and the application thereof to general purposes did reduce the aggregate total indebtedness of the city, it did not change the obligation to the funds thus depleted. The liability of the city to those funds remained fixed, and there is therefore no question of assuming an invalid debt under section 4281u-2. In the case of City of Newport v. McLane, 256 Ky. 803, 77 S. W. (2d) 27, 32, 96 A. L. R. 655, this court had for consideration the liability of city officials for the misapplication of money diverted from the sinking fund of the city and used for other purposes. The court said:

"The pending case is an exemplification of the evil consequences of administrative officials diverting a public fund, in violation of section 180 of the Constitution and the Statutes prescribing and restricting their authority over it. A vacuum has been thereby created in the sinking fund of the city, the responsibility for the payment of future taxes thus imposed upon the taxpayers, and the liability of the city still in existence."

It was further determined in the Newport Case that it might be shown by way of defense that the city had suffered no loss from such misapplication, but that the misappropriations had been applied to other valid claims against the city. Of course, such a defense could not well go to the extent of relieving such officials from their liability for interest on the funds misappropriated, nor would it be an answer to criminal proceedings under section 4281u-4. The statute makes no ethical distinctions between misappropriations for selfish purposes and similar misapplications of funds for the purposes of paying other debts of the municipality. The gist of the offense lies in the breach of public trust —a trust which must be strictly executed if orderly government is to continue.

There can be no doubt of the right of the city here to refund the obligations involved [Jones v. City of Paducah, 263 Ky. 542, 92 S. W. (2d) 811; City of Newport v. McLane, supra] and, similarly, by a vote of the people to levy a tax to amortize the obligations so long as they remain within the limitations of section 158 of the Constitution. McCrocklin v. Nelson County Fiscal Court, supra.

Judgment affirmed.