## Hays, County Treasurer of Jackson County, v. Isaacs, County Judge, et al.

(Decided Oct. 18, 1938.)

A. T. W. MANNING and EDWARD R. HAYS for appellant.

H. N. ISAACS in pro. per.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Reversing.

By chapter 137 of the Acts of 1934 (Kentucky Statutes, section 933-1), it is provided:

"That County Treasurers in Counties having less than 50,000 population at the 1930 census may be required by order of the Fiscal Court of the County to purchase, at the market price, any road bonds or other bonds of the County issued and outstanding, or otherwise to invest the funds in his hands in bonds of the United States, the Commonwealth of Kentucky, and to pay for such bonds out of any funds in the hands of the County Treasurer not bearing interest and which will not be required for the payment of county bonds or coupons issued and outstanding maturing within twelve months after the entry of such order."

Acting under this section, the Fiscal Court of Jackson County entered an order at its June, 1938, special term directing appellant, as County Treasurer, to invest eighteen thousand dollars of some forty-two thousand dollars held in the sinking fund for the payment of outstanding road and bridge bonds, in the purchase at par of a like amount of three per cent funding bonds of Jackson County. This order was amended at the August term of the Fiscal Court by directing the appellant to purchase twenty-four thousand one hundred dollars and thirteen cents of the funding bonds instead of only eighteen thousand dollars worth.

This suit was instituted by the County Treasurer asking for a declaration of rights as to his duties in the premises. It appears from the petition that the three per cent funding bonds in the amount of eighteen thousand dollars were duly issued and approved by the courts. After securing judicial approval of the validity of the floating indebtedness of the county, it developed that interest on the outstanding claims increased the total amount due on the indebtedness to twenty-four thousand one hundred dollars and thirteen cents. Apparently funding bonds in the amount of twenty-four thousand one hundred dollars and thirteen cents have actually been issued but not sold. The order of the Fiscal Court entered at its June special term recites:

"Whereas the Fiscal Court of Jackson County has

heretofore made an order advertising a sale of funding bonds in various denominations amount to the sum of $18,000.00 running over a period of one to twenty years, and bearing interest at 3% and being unable to sell same in the open market on the length of time and that rate of interest, and it further appearing that there is a road and bridge sinking fund in the hands of the treasurer of Jackson County in U. S. Government Bonds and cash amounting to more than $42,000.00 available at this time, which is not needed for the payment of outstanding road and bridge bonds or other bonds of Jackson County within the next twelve months. It is therefore ordered by the Court that J. R. Hays Treasurer of Jackson County invest $18,000.00 in the purchase of said funding bonds, bearing three per cent interest as an investment to the credit of the road and bridge sinking fund of Jackson County subject to the approval of the state finance commission and the State finance officer.''

The first part of the order of the Fiscal Court entered at its August term recited:

''Whereas at the June Special term of the Jackson Fiscal Court, an order was entered on order book No. 3 on page 252, directing the County treasurer of Jackson County to invest available funds not needed for the payment of outstanding road and bridge bonds, or other bonds of Jackson County within the next twelve months in the funding bonds to the amount of $18,000.00 and it appearing that said amount did not take into account the accumulated interest on the claims to be paid, by the aforesaid funding bonds and that said claims ordered paid by the judgment of the Court from the sale of said funding bonds together with the accumulated interest accrued thereon amounts to the total sum of $24,100.13 at this time. It is now therefore ordered'' etc.

By agreement of the appellant and the appellees, who are the members of the Fiscal Court of Jackson County, the cause was submitted for judgment upon the petition and exhibits. The court approved the investment and this appeal followed. It is elementary that the sums held in the sinking fund are to ''be held and kept sacredly'' for the purpose of redeeming the

bonds when they are due. Kentucky Statutes, section 1866. It is likewise elementary under section 180 of the Constitution, and the various statutes enacted pursuant thereto, that administrative officials are without authority to divert taxes levied and collected for one purpose to any other purpose. City of Newport v. McLane, 256 Ky. 803, 77 S. W. (2d) 27, 96 A. L. R. 655; Wheeler v. City of Hopkinsville, 269 Ky. 289, 106 S. W. (2d) 1016. This does not mean, of course, that a sinking fund must lie idle. The fund is a trust for the benefit of the holders of the bonds and must be administered with that object in view.

In the case before us, the investment proposed is on its face nothing more nor less than a diversion of trust funds to the payment of the county's floating indebtedness under the guise of purchasing bonds. The very act invoked by appellees to authorize the proposed step provides for the purchase of the securities there mentioned "at the market price." In the face of this the order of the Fiscal Court at its June special term itself sets out that the county has been unable to sell the three per cent funding bonds in the open market.

Plainly, the bonds here sought to be foisted upon the sinking fund have no market price in the neighborhood of par at a yield of three per cent. The result of the attempted transaction, instead of helping the sinking fund, is to penalize it for the benefit of the floating indebtedness to the extent that appellees propose to pay a premium over and above the market value, whatever it may be, of the funding bonds. No such maneuver with the trust funds of a county was contemplated by the 1934 Act, nor will it be tolerated by this court.

For the benefit of appellees, it may be well to call attention to City of Newport v. McLane, supra, and the numerous authorities there cited in regard to the civil liability of officials who divert tax funds. A fiscal court which in effect deals with itself in the purchase of county bonds, even if those bonds had a market value, would clearly be charged with notice of all of the conditions surrounding such bonds at the time of purchase, at the suit of anyone injured as a result of the transaction. We say this in order that there may be no mistake in the future as to the position of this court, should an attempt be again made to purchase bonds at a fictitious market price.

The trial court will enter a decree adjudging the invalidity of the orders of the Fiscal Court of Jackson County here involved.

Judgment reversed.