## Wilson v. Williams Coal Co.

June 25, 1948.

Louis P. McHenry, Zeb Stewart and Elmer L. Brown for appellant.

Gordon, Gordon & Moore and James F. Gordon for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment dismissing the plaintiff's petition as amended after a demurrer thereto had been sustained and the plaintiff had declined to plead further.

John Wilson brought an action against the Williams Coal Company to recover damages in the sum of $50,000 alleged to have resulted by reason of the fraud, deceit and misrepresentation of the defendant. It is alleged in the petition that the plaintiff is a coal miner and was employed by the defendant on November 25, 1942, to perform work and labor in and about its mine in Hopkins County, and that he continued in that employment until September 6, 1944, when, by reason of injuries received in an accident on June 26, 1944, he was compelled to leave his employment. It is further alleged that the defendant on November 25, 1942, was operating under the provisions of the Kentucky Workmen's Compensation Act, KRS 342.001 et seq., and plaintiff signed the compensation register, but on May 20, 1943, the defendant, without plaintiff's knowledge, withdrew its election to operate under the Act and fraudulently concealed that fact from the plaintiff until more than one year after the accident, when his cause of action at law to recover damages for his injuries had been barred by the statute of limitations. Paragraph 3 of the petition contains this:

"Plaintiff further states that before or at the time of his employment by defendant on or about November 25, 1942, or immediately thereafter, he, plaintiff, was required by defendant to, and he did, sign the compensation register and he thereby accepted the terms and conditions of said act and elected to operate and work thereunder, and he in good faith believed that both he and the defendant employer were obligated, covered, bound and governed by said act, as in fact it was and plaintiff was until May 20, 1943, at which time, without notice or knowledge of plaintiff, and with intent to deceive, mislead and defraud plaintiff and all other of its so 'covered' employees of defendant, the defendant notified the Workmen's Compensation Board of Kentucky that from and after said date it would no longer operate under or be bound or obligated by the terms and conditions of said Workmen's Compensation Act, and defendant was not thereafter so bound, but

which plaintiff did not know until long after the expiration of one (1) year from date of his accident.

"Plaintiff further alleges the facts to be that defendant was not, by reason of its said 'withdrawal' on May 20, 1943, at 12:00 noon of said day, governed under or bound by the terms of said act, but which plaintiff did not know and in good faith believed that he was covered and protected thereby at the time of said accident."

Paragraph 4 of the petition reads:

"Plaintiff says that on or about April 18, 1945, and within less than one year after said accident and in good faith believing that he was protected and covered by the terms of said act, he filed his claim for compensation for his said accident and injury with the said Compensation Board at Frankfort, Kentucky, and defendant was duly notified by said board of the filing and pendency of said claim immediately thereafter and within less than one year after the date of said accident, but plaintiff alleges that defendant, its officers, doctors, agents and employees in charge of its affairs and business, in furtherance of its fraudulent intent and design to cheat, hinder, delay, deceive, mislead and defraud plaintiff, and in order to lull plaintiff into security and repose, as it did, until and after the expiration of one (1) year from date of said accident when his cause of action at law for his injuries had become barred, withheld from plaintiff the fact that it had, long before said accident withdrawn from the operation of said act, and by reason of said fact said Workmen's Compensation Board had no jurisdiction to adjudicate plaintiff's claim or to compensate him for his total and permanent disability, and his said claim was dismissed for lack of jurisdiction to entertain or adjudicate same."

KRS 342.405 provides for withdrawal by either the employer or employee of the election to operate under the Workmen's Compensation Act. That part of the statute relating to withdrawal by the employer reads:

"At any time after electing to operate under this chapter, either party may withdraw such election, the employer by filing written notice with the board stating the date when such withdrawal is effective, and the industry, business or operation covered thereby, by per-

sonal written notice to the employe, or posting in conspicuous places about such place of business not less than one week next preceding the date on which the withdrawal is to become effective copies of the notice.''

In order for the withdrawal of the employer to become effective, he must file written notice with the Board stating when such withdrawal is effective, and, in addition thereto, must give personal written notice to the employee or post in conspicuous places about his place of business, not less than one week next preceding the date on which the withdrawal is to become effective, copies of the notice. No where in the petition is it alleged that the employer failed to comply with the statute, though it might be construed as alleging that no personal written notice was given to the plaintiff. On the other hand, it is alleged, in substance, that the withdrawal was valid and effective, which necessarily means that the notices required by the statute were posted in conspicuous places about the employer's place of business. On demurrer, pleadings are strictly construed against the pleader. Parsons v. Arnold, 235 Ky. 600, 31 S. W. 2d 928; Grinstead v. Monroe County, 156 Ky. 296, 160 S. W. 1041. In the last cited case a physician brought an action against Monroe County to recover under a contract with the coroner of the county fees and expenses for holding an autopsy and post-mortem examination on the body of a deceased person. The petition failed to allege the filing of an affidavit necessary, under a statute then in force, to authorize the employment of the plaintiff at the expense of the county. It was held that for the purposes of the demurrer it must be taken as true that no affidavit was filed. There, the plaintiff's right to maintain the action depended on the filing of the affidavit required by the statute. Here, the plaintiff's right to maintain the action depends on the failure of the defendant to give notice in the manner prescribed by the statute of its withdrawal of its election to operate under the provisions of the Workmen's Compensation Act, and it was incumbent upon the plaintiff to allege such failure.

The judgment is affirmed.