## Nall v. City of Elizabethtown, et al.

(Decided October 2, 1923.)

### Appeal from Hardin Circuit Court.

1. Municipal Corporations—Two-thirds of Those Voting on Question Sufficient to Authorize Indebtedness.—Under Constitution, section 157, providing that no municipality shall become indebted to an amount exceeding in any year the income and revenue provided for such year without the assent of two-thirds of the voters thereof voting at an election held for that purpose, two-thirds of those voting on the question were sufficient, though less than two-thirds of those voting at the election.

2. Municipal Corporations—Limitation on Rate of Taxation Inapplicable to Payment of Debt Voted.—The rate of taxation of 75 cents on the $100.00 provided by Constitution, section 157, does not apply to a case where it was necessary for a municipality to exceed that rate in order to discharge an indebtedness incurred with the assent of the voters, the only limitation on that character of indebtedness being prescribed by section 158.

3. Municipal Corporations—Delay in Issuing Bonds not Unreasonable. —Delay of four years in issuing bonds for constructing a filtration plant and improving a city's waterworks system was not so unreasonable as to affect the validity of the bonds, where the same necessity for improving the waterworks system existed, and the delay was due to the desire of the city to make the improvements at lower prices than those prevailing, as well as to its inability to market the bonds to advantage.

H. L. JAMES for appellant.

D. M. COOPER for appellees.

Opinion of the Court by Judge Clay—Affirming.

J. F. Nall, a ctitzen and taxpayer of Elizabethtown, a .city of the fifth class, brought this suit to enjoin the city and its officers from issuing bonds in the sum of $30,-000.00 for the purpose of constructing a filtration plant and improving its waterworks system. Being denied the relief prayed for, he appeals.

The grounds on which the validity of the bonds is assailed are: (1) The proposition was not carried by the requisite vote; (2) under section 157 of the Constitution a city of the fifth class cannot exceed the rate of seventy-five cents on the one hundred dollars, even with the assent of the requisite number of voters; (3) the delay is issuing the bonds has been so unreasonable as to revoke the authority conferred by the voters.

(1)   Section 157 of the Constitution provides that no county, city, town, taxing district or other municipality shall be authorized or permitted to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election held for that purpose. It is conceded that the proposed bond issue received the assent of two-thirds of those voting on the question, but not the assent of two-thirds of those voting at the election. At first the court was inclined to the view that the assent of two-thirds of those voting at the election was necessary. Belknap v. City of Louisville, 99 Ky. 474, 36 S. W. 1118. But that and other cases announcing the same doctrine were subsequently overruled, Montgomery County Fiscal Court v. Trimble, 104 Ky. 629, 47 S. W. 773, and it now may be regarded as finally settled that the constitutional requirement is fully met by the assent of two-thirds of those voting on the question. Fowler v. City of Oakdale, 158 Ky. 603, 166 S. W. 195.

(2)   In the City of Winchester v. Nelson, 175 Ky. 63, 193 S. W. 1040, we had occasion to consider the right of a municipality to exceed the rate prescribed by section 157 of the Constitution, and reached the conclusion that the rate there fixed did not apply to a case where it was necessary for the municipality to exceed that rate in order to discharge an indebtedness incurred with the assent of the voters, and that the only limitation on that character of indebtedness is that prescribed by section 158 of the Con-

stitution. To the same effect is Ballard v. City of Shelbyville, 180 Ky. 135, 201 S. W. 452. A further consideration of the question confirms us in the view that the above ruling is sound.

(3) Although it now is proposed to issue bonds that were voted four years ago, yet, as the same necessity for improving the waterworks system now exists, and the delay was due to the desire of the city to make the improvements at lower prices than those prevailing, as well as to its inability to market the bonds to advantage, we conclude that the delay was not so unreasonable as to affect the validity of the bonds.

On the whole we conclude that the bonds, when issued, will become a binding obligation of the city.

Judgment affirmed.