## Sutherland, et al. v. Board of Education of the City of Corbin, et al.

(Decided June 2, 1925.)

### Appeal from Whitley Circuit Court.

1. Schools and School Districts—Board of Education Held Authorized to Incur Indebtedness of About $92,000.00 Figured on 2 Per Cent Basis of City's Property Valuation.—Where, at time of election authorizing board of education to issue bonds, assessed valuation of property of city covering school distract was only $2,638,923.00, but at time bonds were issued, assessed valuation was fixed at $4,607,811.00, board of education was authorized to incur about $92,000.00 in indebtedness, without transgressing 2 per cent limit of property valuation fixed by Constitution, section 158.
2. Schools and School Districts—Right of Board of Education to Issue Balance of Bonds Authorized by Election Held Not Lost by Delay.—As a county or municipality is not required to issue all bonds voted at an election at one time, but may issue them as needed, right of board of education to issue balance of bonds, authorized by an election for erection of additional school buildings, held not lost by delay of two or three years.

3.  Schools and School Districts—Amount of Indebtedness which Might
    be Incurred by Board of Education was Controlled by Assessment
    Next Before Indebtedness was incurred by Issuance and Sale of
    Bonds.—Under Constitution section 158, prohibiting municipalities
    and taxing districts from exceeding a certain indebtedness, to be
    estimated by assessment next before last assessment previous to
    incurring of indebtedness, amount of indebtedness which might
    be incurred by board of education was not controlled by assess-
    ment next before election at which bonds were authorized, but by
    assessment next before indebtedness was incurred by issuance
    and sale of the bonds.

B. B. Snyder for appellants.

HENRY C. GILLIS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirm-
ing.

Appellant, Sutherland, suing as a citizen and tax-
payer of the city of Corbin for himself and others simi-
larly situated, prays an injunction restraining the de-
fendants, board of education of the city of Corbin, and
its members, from incurring an additional indebtedness
by issuing and selling bonds of the city in conformity to
a vote of the people taken in February, 1922, authorizing
a bond issue of $75,000.00 for school buildings and school
improvement purposes, only a part of which bonds have
been issued, on the grounds, (1) that the indebtedness of
the school board will be increased beyond the two (2%)
per cent limit fixed by section 158 of the Constitution, and
(2) the right to issue bonds under the election has been
lost by abandonment, delay and laches.

The petition filed by appellant, Sutherland, sets forth
all the facts and these averments of fact are correct, as
shown by an agreement of the parties, made a part of
the record. The lower court held on the facts stated in
the petition that the board of education of Corbin is
"authorized to issue and sell bonds to the amount of
$33,500.00 under and pursuant to the authority of the
special bond election of February 25, 1922, described in
the petition, and is authorized to carry out the resolu-
tions of the said board passed on the 11th of May, 1925,
and copied in the petition, according to the provisions
and terms of the said resolution; and the court is further
of opinion and adjudges that all such bonds, to the amount
of $33,500.00 which may be issued and sold by the said

board of education, pursuant to said resolution, will be legal, valid and binding obligation on the said board of education, and that the plaintiff and taxpayers of the city of Corbin are without right or authority to enjoin, or cause to be adjudged, the issual or sale of said bonds, or any of them,'' illegal.

Immediately after the special election at which the $75,000.00 was voted by the city of Corbin, in 1922, a test case was instituted in the Whitley circuit court to determine the validity of the bonds. The bond election was held valid, and an appeal was prosecuted to this court. In an opinion found in 200 Ky. 23, we held, in substance, that the board of education was entitled, under the Constitution, sections 157 and 158, to incur an indebtedness of not exceeding two per cent (2%) of the total assessed valuation of the property of the city which covered the school district, this being a city of the third class, having a population of less than 15,000, and that the existing indebtedness of the school board must be taken into consideration in determining the amount of bonds that can be issued under the election in question, and that the total amount of indebtedness should not exceed two per cent of the total assessed valuation of the taxable property at the assessment next preceding the incurring of the indebtedness. At the time of the voting of the bonds in 1922, the assessed valuation of the property of the city was only $2,638,923.00. There was an existing indebtedness of the board of education of $23,000.00. When the case was remanded to the Whitley circuit court a judgment was entered in accordance with the opinion, allowing the board the right to issue on the then assessment, bonds to the amount of $29,776.00, and enjoining the board from issuing bonds in excess of that amount, and from becoming indebted in a sum greater than that, plus the outstanding indebtedness of $23,000.00. Later by agreement of the parties the judgment perpetually enjoining the issuing of additional bonds was set aside. Since that time and during the assessment period for the year 1924, the property valuation for purposes of taxation of the city of Corbin was found to have greatly increased, it being fixed by the board of supervisors, at a total of $4,607,811.00. Two per cent of this amount is something more than $92,000.00. After the voting of the bonds and the litigation to which we have referred, including the appeal to this court, the board of education

of Corbin issued bonds to the amount of $28,000.00 with which they erected a school building and made other improvements. That amount added to the previously existing indebtedness of $23,000.00 and certain other floating indebtedness of the board made a total of $58,339.00, which the board of education owed.

This court has held in a number of cases that the voting of bonds does not create an indebtedness—that the indebtedness is not incurred within the meaning of the Constitution, section 158, unless and until the bonds are issued and sold. Young v. Fiscal Court Trimble County, 190 Ky. 604; Frost v. Central City, 134 Ky. 434; McQuillen on Municipal Corporations, section 2232; Bosworth v. Middlesboro, 190 Ky. 246; Louisville v. Parsons, 150 Ky. 420; City of Dayton v. Board of Education, 201 Ky. 566. It follows, therefore, that the board of education has only incurred an indebtedness of $58,339.00 and that it is now entitled to incur something more than $92,000.00 in indebtedness, figured on a two per cent (2%) basis of its property valuation. Subtracting the present indebtedness, $58,339.00 from that which the city may now legally incur, $92,000.00 under section 158 of the Constitution, we find that the board of education is now entitled to issue bonds to the amount of about $34,000.00. It is proposing now to issue only $33,500.00 of the remainder authorized under the election to which we have referred, and this it is entitled to do unless this right has been barred by the lapse of time, as contended by appellant, Sutherland.

In brief of counsel for appellee, it is said:

"We insist that the authority granted to the board of education by the election of 1922, to issue and sell bonds to the amount of $75,000.00 has not been exhausted. It has sold only $28,000.00 worth of bonds pursuant to that election. We find nothing in the Constitution or statutes which renders the authority to issue bonds void because not exercised. We think there is no statute of limitation or doctrine of laches which would prevent the issual of bonds authorized by an election of the people, because the bonds were not issued immediately, or within a short time, or possibly within any length of time."

We have held in the cases of Young v. Fiscal Court, 190 Ky. 604, and in the case of City of Dayton v. Board

of Education, 201 Ky. 566, that a county or municipality is not required to issue all the bonds voted at an election at one time but may issue them as needed, and that a delay in issuing a part or all of the bonds for two or three years does not bar the right to issue them when necessity arises. We think that rule should be applied here, and that the board of education of the city of Corbin be allowed to sell the balance of the authorized bond issue at this time when it needs to erect additional school buildings, as is alleged in the petition.

The constitutional provision, section 158, says that municipalities and taxing districts shall not be authorized or permitted to incur indebtedness to an amount, including the existing indebtedness, in the aggregate exceeding " 'certain named maximum percentages' on the value of the taxable property therein, to be estimated by the assessment next before the last assessment previous to the incurring of the indebtedness.' " As the indebtedness is not incurred until the bonds are issued and sold, the indebtedness may be estimated upon the assessment of property next before the bonds are issued. The amount of indebtedness which may be incurred is not controlled by the assessment next before the election at which the bonds are authorized, but by the assessment next before the indebtedness is incurred by the issual and sale of the bonds. We conclude that the board of education of the city of Corbin is entitled under the facts shown in the petition of appellant, Sutherland, to issue and sell bonds in the amount proposed, $33,500.00 under the election held in February, 1922. The lower court was correct in sustaining the general demurrer to the petition of appellant, Sutherland, and in dismissing his petition when he declined to further plead.

Judgment affirmed.