## Hager, Mayor, et al. v. Cisco.

(Decided Nov. 23, 1934.)

DYSARD & TINSLEY and R. CAMPBELL VAN SANT for appellants.

A. N. CISCO for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is the second appeal of this case upon a question newly arising since our determination of the first, but again involving the same question there before us as to the legality of the issue and sale of the same $103,000 of school improvement bonds of the city of Ashland, Ky.

This $103,000 of school bonds proposed to be now issued and sold represents a part of an earlier $500,000 school bond issue, voted and authorized by the city of Ashland (a city of the second class) in 1929. Thereafter, in 1930, $100,000 of these authorized bonds were issued and sold. Again in February, 1934, the board of education of the city of Ashland adopted a resolution calling upon the city to pass the necessary ordinance required to issue and sell $103,000 of this authorized school bond issue. Upon the board of city commissioners refusing to comply with the request made therefor by the board of education, the latter filed a mandamus suit to compel them to do so.

In that suit, the issues involved and presented by the pleadings were: (1) Was the board of education precluded by the lapse of time since the bonds were authorized from requiring the city of Ashland to issue them? (2) Were the proposed bonds those of the city of Ashland or of the board of education of the city of Ashland; and (3) Might the proceeds of the bonds be used in part for furnishing the buildings proposed to be erected out of the bond issue?

The trial court decided the first two of these questions in favor of the board of education and the third in favor of the city. Upon appeal to this court, its judgment was affirmed on June 8, 1934. See Hager v. Board of Education, 254 Ky. 791, 72 S. W. (2d) 475, 476, for a full statement of the facts and history of the case and for a clear discussion of the legal principles and grounds upon which the decision was made. This court therein decided that these school bonds, in the amount of $103,000, requested issued by the city commissioners and to be sold by the board of education, were the bonds and obligation of the city of Ashland, not of the board of education, although the proceeds derived from their sale were to be turned over to the board of education for its authorized use and expenditure for the proposed school purposes.

Shortly after this court's affirmance of the Boyd

circuit court's judgment, directing the city authorities to issue, as requested, this $103,000 of school bonds, the city commissioners passed the required ordinance authorizing the creation of the said indebtedness for the stated school improvement purposes and the issuance of bonds therefor in that amount, and when the board of education was, following such preliminary action, preparing to sell them to the Public Works Administration of the United States government (securing in addition thereto grant of $40,000 in aid of the proposed school buildings), this action was instituted by the appellee, A. N. Cisco. By it, as a citizen and taxpayer of the city of Ashland, he sought to enjoin as illegal the issue and sale of the bonds, on the grounds: (1) That the statute, section 3235a-28, under which the bonds were voted had been repealed by the General School Act of 1934 (Acts 1934, c. 65; (2) that the school bonds proposed to be issued and sold were bonds of the city of Ashland, voted for the benefit of the schools of Ashland; and (3) that the city of Ashland is no longer authorized to incur debt or issue its bonds in behalf of the schools within the city, for the reason that under the said act of 1934, they have become, and are now, the bonds not of the city, but of an independent school district, even though it be coterminus with the city.

A demurrer was filed to the petition and overruled. Whereupon, the defendants, boards of education and of commissioners, declining to plead further, the court rendered judgment enjoining the issue and sale of the bonds upon the grounds upon which their validity was attacked, viz.: (1) That the bonds proposed to be issued and sold are the bonds of the city of Ashland; (2) that the statute (section 3235a-28) under which the bonds were voted was repealed by the acts of the General Assembly approved March 14, 1934, and reenacted as chapter 65, art. 5, sec. 42, p. 269, Acts of 1934; and (3) that the city of Ashland is not now, since this 1934 School Act went into effect, on June 14, 1934, authorized by law to incur indebtedness for or on behalf of the schools in said city.

It may be conceded that the school bonds, the issue and sale of which are here involved, are the obligations or the bonds of the city of Ashland, as was lately held by this court in the Hager Case, supra, and it is agreed between the parties that the only question involved for determination upon this appeal is whether chapter 65,

sec. 42, art. 5, of the Acts of the 1934 Regular Session of the General Assembly affects or invalidates the 1929 election under which these bonds were voted or the subsequent action of the board of commissioners and the board of education, had under that authority, to now issue and sell these school bonds in the amount of $103,-000, or, that is to say, what is the effect, if any, of the said chapter 65, sec. 42, of this General School Act of 1934 upon the right and authority of the defendant boards of commissioners and of education to now issue and sell these said city school bonds.

We may perhaps helpfully approach the consideration and proper answering of this question by here referring to what was definitely decided as to the legality and ownership of these bonds in the Hager Case, supra. There we said:

"This question is important, because if these bonds are bonds of the board of education of the city of Ashland, they exceed the debt limit prescribed by section 158 of the Constitution, but, if they are bonds of the city of Ashland, they together with the other indebtedness of the city of Ashland, are yet within the debt limit prescribed by the Constitution. That they are bonds of the city of Ashland is settled by the case of City of Lexington v. Board of Education of Lexington, 193 Ky. 566, 236 S. W. 1030, in which the cases relied upon by the appellants, such as Ex parte City of Newport, 141 Ky. 329, 132 S. W. 580, 37 L. R. A. [N. S.] 1034, Ann. Cas. 1912C, 447, and Coppin v. Board of Education of City of Covington, 155 Ky. 387, 159 S. W. 937, are distinguished because of the change of the statute which had occurred since the facts out of which those cases arose took place."

Appellee's contention herein is that the act of 1934 in its phrasing and practical working should be the same as the School Act of 1912 (Acts 1912, c. 137), which was construed by this court in Coppin v. Board of Education, 155 Ky. 387, 159 S. W. 937, and there held that bonds authorized for school improvement purposes were, under the provisions of said act, bonds of the school district and not of the city of Covington. It is to be noted that by the Hager Case, supra, it was held that this holding of the Coppin Case was based upon section 28 of the act of 1912, which was no longer a con-

trolling authority for holding the bonds in question to be those of the school district rather than of the city of Ashland, as such matter was rather to be governed by the later holding of this court, otherwise announcing in the case of City of Lexington v. Board of Education of Lexington, 193 Ky. 566, 236 S. W. 1030, wherein it was held that school improvement bonds, issued by the city under the authority of section 3235a-28, Kentucky Statutes, which is section 28 of the Acts of 1912, *as amended* by chapter 57 of the Acts of 1916, sec. 5 (applying to cities of the second class), represented and are obligations of the city, and as such should be executed by the proper officials of the city. From this determination, the appellant contends that the provisions of section 3235a-28, Kentucky Statutes, still apply and here control our decision, touching the ownership and validity of this proposed bond issue, in like manner and for like reason as was announced in the Hager Case, supra, upon the authority of the City of Lexington Case, supra, unless an examination and consideration of the applicable provisions of the acts of 1934 show said section 3235a-28 of the Statutes, upon which it was decided, to have been repealed thereby and that section 28 of the School Acts of 1912 was by reason thereof re-enacted, by way of substitution therefor, with the result of thereby making the holding of the Coppin Case, supra, again the controlling and applicable law holding the bonds to be the obligation not of the city but of the school district.

For the determination of this question of whether section 3235a-28, Kentucky Statutes, has been, as contended, thus repealed, or so changed by chapter 65, sec. 42, of the General School Act of 1934 as to thus affect or invalidate the sale and issue of these school bonds, our study and comparison of the involved sections of these different school acts leads us to conclude adversely to the plaintiffs' contention.

The title of this 1934 act is "An Act providing for a more uniform and efficient system of public schools and colleges throughout the Commonwealth of Kentucky," etc. Chapter 65, art. 5, sec. 35, p. 259 thereof, provides:

"All school taxes shall be levied by the fiscal court of each county except in independent school districts embracing cities of the first, second, third, and fourth classes, when the boundary lines of independent districts in such cities are coterminous

with the municipal limits of such cities. In such independent districts, the tax shall be levied and collected by the governing body of the city except as hereinafter provided.''

Under section 3235a-28 alike providing for the issual of bonds, the board of education makes an estimate of the amount necessary, and by resolution certifies the same to the general council or board of commissioners, while under section 42 of the acts of 1934 it is certified to the ''tax levying authority,'' which is the same (section 35) and which adopts an ordinance calling the election. Under section 3235a-28, the question of issuing the bonds was submitted to the ''qualified voters of the city.'' Under the act of 1934, c. 65, sec. 42, the question is submitted to the ''qualified voters of the district.''' However, Ashland is a city of the second class (Kentucky Statutes, sec. 2740), and it is alleged in the petition that the boundary lines of the city and school district are respectively, as constituted by the act, coterminus, with the result that the qualified voters of the one are the qualified voters of the other; as to the effect of this, however, compare Nelson v. Board of Education of the City of Williamsburg et al., 215 Ky. 40, 284 S. W. 386.

Furthermore, there is found to be yet other differences between these statutory provisions, sections 3235a-28 and section 42 of chapter 65, art. 5, of the Acts of 1934, in respect to the amount in which bonds may be issued and sold, in that the former statute provides that ''the total outstanding issue of bonds for school purposes, including bonds already issued, shall never exceed three per centum (3%) of the value of the taxable property of the city,'' while the latter (section 42, chapter 65) provides that ''the bond issue of the district shall not exceed the constitutional limitation provided in Section 157 of the Constitution'' (obviously intending to state section 158 fixing debt limitations), and further that under the former section the bonds are to be signed by ''the proper city officials,'' while under the act of 1934 (section 42) such bonds are to be signed by the chairman and secretary of the board of education. These two differences thus found to exist in the provisions of these two sections might be regarded as of material significance, as giving weight to plaintiff's contention that the sections are in serious conflict did not section 42 of the 1934 acts go further

and avoid such result, so far as here pertinent, by providing that "the bonds, principal and interest, shall be a charge upon the school district, *except in all independent districts embracing cities of the first and second .classes, where the bonds shall be a charge. upon the* sinking fund of the city, and the city shall be entitled to have the annual sinking fund tax provided for in this section" (italics ours). This provision of section 42 of the 1934 act is, in its excepting of school districts embracing cities of the first and second classes from its operation, made identical with the like provision of section 3235a-28, under which, in the Hager Case, supra, these bonds were held to be the obligation of the city rather than of the school district. Also the last paragraph of the said section 42, c. 65, art. 5, of the 1934 act, further expressly provided that: -

> "*All of the bonds voted by the various types of school districts and subdistricts prior to the passage of this act shall be retired and the interest paid thereon in accordance with the laws under which they were voted, and nothing in this act shall in any way impair any of said bond obligations or the interest thereon.*" (Italics ours).

It may be and is conceded that the school bond issue authorized and voted by the city of Ashland in 1929 did not then become an indebtedness or obligation of the city, nor did it become such until and to the extent that such parts or portions of the said authorized bond issue were later issued and sold. Young v. Fiscal Court, 190 Ky. 604, 227 S. W. 1009; Sutherland v. Board of Education, 209 Ky. 351, 272 S. W. 887. However, the quoted provision of the statute here involved is not to the effect only that no obligations upon the bonds that have been issued and sold, shall be impaired by the act, but is in the broader and more comprehensive terms that "all of the bonds voted by the various types of school districts * * * prior to the passage of this act shall be retired * * * in accordance with the laws under which they were voted." We are of the opinion, therefore, by virtue of these last-cited provisions of this section 42, chapter 65, of the 1934 act, expressly providing that school bonds of independent school districts, embracing cities of the first and second classes, shall be a charge upon the sinking fund of the city, for the payment of which the city shall be entitled to have the annual sinking fund tax provided

for in its said section 42, being identical with the like provision of section 3235a-28 of the Statutes, under which it was held in both the Hager and the Lexington Cases, supra, that the school bond issues were the obligations of these respective second class cities and especially, we conclude, is this so when such provision is considered in connection with the last clause of the section, providing that "all of the bonds voted by the various types of school districts * * * shall be retired * * * in accordance with the laws under which they were voted," and therefore must include the bonds in the instant case, voted by the city of Ashland under the provisions of the compared statute 3235a-28 as the bonds and obligations of the city.

We are, for such reasons, of the opinion that the school bonds (here issued and sought to be sold as the bonds of the city of Ashland) are, as was expressly held and directed in the Hager Case, supra, the obligation and bonds of the city; also, that they have not in respect to their ownership been affected by chapter 65, art. 5, sec. 42, of the 1934 School Act, nor is such act to be construed as changing or repealing the earlier section 3235a-28 of the Statutes, in so far as it applies or relates to the school bonds of cities of the first and second classes, as are those here involved, in that they are therein expressly excepted from its operation.

The judgment of the learned trial court, enjoining the issue and sale of these bonds as the obligation of the city, being not in conformity with our views as herein expressed, the same is reversed, with directions to set aside the injunction granted and enter a judgment in conformity with the principles of this opinion.

The whole court sitting.