## Runyon v. Simpson, Mayor, et al.
(Decided Nov. 16, 1937.)

JOHN T. DIEDERICH for appellant.

PORTER M. GRAY, W. H. DYSARD, and JOHN STANLEY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

At the regular November, 1929, election, after proper preliminary proceedings had been taken, a proposition was submitted to the legal voters of Ashland, a city of the second class, to determine whether or not school improvement bonds in the sum of $500,000 should be issued by the city for the purpose of enlarging and acquiring sites for school buildings and the erection, improvement, remodeling of buildings, or restoration of buildings for school purposes. A tabulation of the votes cast disclosed that a majority had voted in favor of such bond issue and it was so certified. Immediately after the election it was determined by the authorities to expend only $100,000 at that time and bonds in that amount were issued and sold.

In February 1934, the board of education of the city of Ashland by resolution called upon the council of the city to enact necessary ordinances for the issuance and sale of additional $103,000 of the bonds authorized by the election of 1929, it being represented that this was necessary for school improvements which could not be paid out of the annual income of the board.

of education. The board of city commissioners declined to comply with the request and a mandamus action was brought against them to compel them to do so.

The issues presented in that case were in substance (1) whether the board of education was precluded from the relief sought by lapse of time; (2) whether the proposed bonds were those of the city of Ashland or of the board of education of such city and (3) whether the proceeds of the proposed bond issue might be used in part for furnishing the buildings with desks, chairs, etc.

The lower court determined the first two questions in favor of the board of education, and the third in favor of the city authorities and on appeal the judgment was affirmed in an opinion reported in Hager v. Board of Education of City of Ashland, 254 Ky. 791, 72 S. W. (2d) 475. After mandate of affirmance had been filed in the lower court the city commissioners passed the ordinance as requested by the board of education and were preparing to sell the bonds when a taxpayer instituted an action to enjoin the issuance and sale of the bonds, attacking the validity of the proposed action of the city commissioners on the grounds (1) that the bonds proposed to be issued and sold were bonds of the city of Ashland; (2) that the statute under which the bonds were to be voted had been repealed by section 42, article 5, c. 65, Acts of 1934; and (3) that since the School Act went into effect on June 14, 1934, the city was without authority to issue its bonds or incur indebtedness for and on behalf of its schools. The court overruled a demurrer to the taxpayer's petition and, defendants declining to further plead, judgment was entered enjoining the issuance and sale of the bonds on the grounds set forth in the petition. On appeal this court by an opinion reported in Hager v. Cisco, 256 Ky. 708, 76 S. W. (2d) 614, reversed the judgment and held in effect that the school bonds sought to be issued and sold would be or were an obligation of the city and that the School Act of 1934, above referred to, did not repeal the statutes (section 3235a-28 [Ky. Stats. 1930]) under which the city was liable on school bonds voted in the 1929 election but not issued and sold. Following the filing of the mandate of reversal judgment was entered in conformity with the opinion and $103,000 of bonds were sold.

On September 22, 1937, the board of education of Ashland deeming it necessary to procure funds to enlarge sites, erect improvements, and remodel school buildings, the cost of which could not be met by the annual income and funds, the board duly adopted a resolution requesting the board of commissioners of the city to issue and sell additional $62,500 of the bond authorized by the 1929 election, and thereafter Missouri Runyon, a citizen and taxpayer, instituted this action against the board of commissioners and the board of education setting forth the foregoing facts and alleging that, pursuant to the resolution of the board of education, the board of commissioners of the city would adopt an ordinance providing for the issuance and sale of the bonds as requested and were proposing to do so and asked that the proposed issuance and sale of bonds be enjoined as illegal on the grounds alleged in former suits hereinbefore referred to and also on the ground that nearly eight years had elapsed since the election authorizing the $500,000 bond issue; and that because of this long lapse of time the resolution of the board of education and the proposed act of defendants in attempting to issue and sell the additional $62,500 bonds is illegal, null, and void.

After proof had been taken, the court sustained demurrers to the petition and, the taxpayer declining to further plead, it was adjudged that plaintiff, suing for herself and other taxpayers, was not entitled to the relief sought; that the city of Ashland was authorized by law to incur an indebtedness of $62,500 for school improvement purposes and to issue and sell its bonds for such purposes; that such power was not affected by the provisions of the School Act of 1934 hereinbefore referred to; that the time lapse between the voting of the bonds on November 15, 1929, and the proposed issuance was not an unreasonable length of time and the issuance of the bonds voted in 1929 was not void on account of the length of time between the voting of such bonds and the issuance of same and that the petition be dismissed. The taxpayer is appealing.

All the grounds of attack raised by appellant against the proposed issuance and sale of bonds have been decided adverse to her contention by opinions on former appeals except the charge of illegality based on the lapse of nearly eight years between the election

in 1929 authorizing the bond issue and the proposed additional issue and sale of bonds. The opinion in the first of the former appeals held that the issuance and sale of the $103,000 bonds was not precluded by the lapse of time, something over 4 years. In the course of the opinion it was said:

"It is the settled rule that a county or municipality is not required to issue all the bonds voted at an election at one time, but may issue them as needed and a delay in issuing a part or all of the bonds, at least for a reasonable time, does not bar the right to issue them when necessity arises."

The opinion cites Nall v. City of Elizabethtown, 200 Ky. 321, 254 S. W. 893, wherein a citizen and taxpayer was seeking to enjoin the issuance and sale of bonds four years after the election under which they were authorized. The relief prayed was denied and on appeal the judgment was affirmed. It was said in the opinion that the same necessity for improving the waterworks existed then as did at the time of the election and that, in the circumstances shown, the delay was not so unreasonable as to affect the validity of the bonds. Other cases cited were Sutherland v. Board of Education of City of Corbin, 209 Ky. 351, 272 S. W. 887; Young v. Fiscal Court of Trimble County, 190 Ky. 604, 227 S. W. 1009; City of Dayton v. Board of Education, 201 Ky. 566, 257 S. W. 1021, 1023, in which bond issues were upheld but the time between the election authorizing the bonds and issuance ranged from three to five years. In City of Dayton v. Board of Education among other things it is said:

"Very often it is to the advantage of the board of education or other municipality, as well as the taxpayers to postpone the sale of bonds, and this may be done provided the board of education is able to provide for efficient carrying on of the schools."

In the light of these authorities and the established facts and circumstances, we are constrained to hold that the delay has not been unreasonable nor the proposed issuance and sale precluded or rendered invalid by lapse of time.

Therefore, since it is shown by pleading and proof that the indebtedness proposed to be incurred is within the limits fixed by the Constitution the judgment must be, and is, affirmed.