## Weathers et al. v. Todd County et al.

(Decided Dec. 17, 1937.)

W. B. REEVES, JR., and TAYLOR & MILAM for appellants.

STITES & STITES, J. D. STANDARD and NORRIS McPHERSON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At a special election, duly called pursuant to the provisions of section 4307 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, the electorate of Todd

county on July 20, 1926, voted to issue the bonds of the county to the amount of $300,000, the proceeds to be used for road and bridge purposes. Under the authority thereby conferred the fiscal court on September 1, 1926, issued the county's bonds to the amount of $100,000. On January 1, 1929, a like sum was issued, while a $50,000 issue was made on January 1, 1931, and $33,000 on July 1, 1931, making a total amount of $283,000, with $17,000 of the voted amount unissued. On October 20, 1936, the fiscal court, by appropriate resolution duly passed, proposed to issue bonds of the county for the balance of $17,000 of the original $300,000 voted at the election referred to. Thereafter appellants, as citizens and taxpayers, for themselves and others similarly situated, filed this action against the proper officials of the county to enjoin the issuance of the proposed $17,000 amount of the bonds, on various unsustained grounds, among which was that the authorized issue made by the election had become abandoned by the delay intervening between the last issue and the date of the proposed one for the balance of the amount voted.

The prayer of the petition was to enjoin the issuance for any portion of the $17,000 proposed. The answer of defendants set up in detail all of the actions taken by the fiscal court from the time of the filing of the petition for the election in 1926. It also averred the amount of taxable property within the county for county purposes, and all other sources of revenue of the county at the time the election was held, as well as at the time of all subsequent actions of the fiscal court when bonds were issued, and at the time of the proposal here involved, and from which it clearly appears beyond dispute that at none of them did the amount voted, or the amount issued, exceed the permissible amount contained in section 157a of our Constitution, i. e., "five per centum of the value of the taxable property therein." Neither did the voted amount, plus other indebtedness of the county, exceed that rate at any of the times referred to. After such facts were uncontradictedly proven by the testimony taken, the cause was submitted to the court, followed by judgment dismissing the petition and upholding the right of the county through and by its fiscal court to make and carry out the attacked order to issue the balance of $17,000 of the voted bonds of the county, and this appeal by appellants is from that judgment.

Before the cause was submitted, and, of course, before judgment was rendered, the other appellant, Everett S. Penick, a citizen and taxpayer of the county, filed his intervening petition and asked to be made a party plaintiff to the action, which was done. In his petition he pointed out that the due dates for the $17,000 bonds proposed to be issued were so arranged that the tax limit of 20 cents on the $100 worth of assessable property in the county, taken in connection with the other bonds that had been issued under the voted amount, would not raise sufficient revenue to pay the interest on the bonds and meet the principal when due. Whereupon the fiscal court on May 4, 1937, met and passed a resolution rescinding the one made on October 20, 1936, and passed a substitute one for the same purpose, but in which the due dates of the proposed $17,000 issue were so arranged as to enable the 20-cent levy contained in both the Constitution and the statutes, supra, to meet accruing interest as well as the principal at the time of the latter's due date. No objection was made to that action of the fiscal court, nor, indeed, could any be made, since it was in effect but an amendment of the original resolution so as to make the proposal legal and to conform to the conditions and circumstances of the case.

In view of the foregoing, it is clear that no other question remains to be determined, except the one of alleged abandonment by the fiscal court of the county of the authority conferred by the election because of delay in exercising that authority, which, as we have seen, was one of the grounds for the relief sought by the petition. Attorneys for appellants tread lightly in their brief on all of the questions attempted to be presented by the pleadings of their clients in making their attack on he proposed bond issue. Their brief consists of only one and one half pages of typewritten matter, and on the question of delay they have only this to say: ''With reference to our second contention, if this court feels that the delay of approximately five years and four months between July 1, 1931, when the last preceding block of the authorized bonds were issued, and October 29, 1936, when the proposed issue was first authorized, is not excessive, in view of the proof in this record, we feel that this contention has been answered.''

But defendants by their proof thoroughly justify such delay by showing that the proceeds of the author-

ized issue were not needed except as bonds were made, and that by not exhausting at once the authority conferred by the election—but issuing the bonds as needed —large savings were made to the county in interest, which course was and is not only commendable, but thoroughly recommended and justified by the facts. Legal authority therefor is found in our opinions rendered in the cases of Young v. Fiscal Court of Trimble County, 190 Ky. 604, 227 S. W. 1009; Nall v. City of Elizabethtown, 200 Ky. 321, 254 S. W. 893; City of Dayton v. Board of Education of City of Dayton, 201 Ky. 566, 257 S. W. 1021; Hager, Mayor, et al. v. Board of Education of City of Ashland, 254 Ky. 791, 72 S. W. (2d) 475, and others referred to in those opinions. It obviously appears that this action—originally brought under the provisions of section 186c-6 et seq. of our Statutes, and later converted into a declaratory judgment action by the intervener—was for the purpose of obtaining judicial sanction to the proposal of the fiscal court of Todd county, Ky., to issue its remaining $17,000 in bonds authorized by the election, supra, held in 1926, the issues of which, we are convinced, the trial court properly determined.

Before closing, it might be said that it is doubtful if the character of bond issue here involved is one that would have to be approved by the court as provided for by section 186c-6 et seq. as was contemplated by the original petition filed herein; but there can be no doubt of the jurisdiction of the court to entertain a declaratory judgment action to determine the questions raised; and, since the proceeding was converted into that character of action by the intervening pleader, there can be no question of the authority of the court to pass upon the questions raised. We doubt the necessity of resorting to the procedure provided for in section 186c-6 and following ones, because this indebtedness is one that is authorized by the Constitution, and which in effect says that the right to make the issue of the voted bonds (conceding all prior steps to be legal and valid) emanates from the result of the election and not requiring any judicial approval of that right.

For the reasons stated, the judgment is affirmed.