## BOARD OF EDUCATION OF LOUISVILLE v. WILLIAMS.

Court of Appeals of Kentucky.
March 13, 1953.

Wm. T. Baskett, Louisville, for appellant.

Stephen S. Jones and Jones, Keith & Jones, Louisville, Amici curiae.

Raymond L. Sales, Louisville, for appellee.

CAMMACK, Justice.

David Williams, a taxpayer, filed this action for a declaration of rights. He alleged that the Board of Education of Louisville is proposing to expend $154,000 in repairing the DuPont Manual High School stadium. Part of the money would come from a special fund for school buildings created under KRS 160.476 and part from a bond issue authorized under KRS 162.080. He contended that the expenditure would be unlawful, since the stadium is not a "school building" within the meaning of either statute. The School Board contended that, since the stadium serves an educational purpose, it is a "school building." The chancellor entered a judgment declaring that the Board was not authorized to expend money for the stadium from funds on hand under either statute. We agree.

The School Board relies on Board of Education of Bowling Green v. Simmons, 245 Ky. 493, 53 S.W.2d 940, in which the employment of a public school nurse was held to be a proper expenditure of school funds within the meaning of the statutes and Constitution. There the statute involved was the much broader provision of section 3474, Carroll's Kentucky Statutes, that the board could appropriate funds for whatever purpose it deemed "in the interest of public schools of the city," subject, of course, to constitutional limitations. The Board also relies on Dodge v. Jefferson County Board of Education, 298 Ky. 1, 181 S.W.2d 406, in which we held that the Legislature could authorize the expenditure of school funds in conjunction with the county for a recreational program pursuant to Chapter 97 of the Kentucky Revised Statutes without violating Kentucky Constitution, sections 180, 184 and 186. There we were concerned with whether the broad terms, "education" and "common school purposes," as used in the Constitution, embraced recreational training.

We have before us in this case the much narrower question of whether a stadium is a "school building" within the meaning of the statutes setting up special taxes and special bond issues for this purpose. We said in City of Louisville v. Board of Education of Louisville, 229 Ky. 325, 17 S.W.2d 210, that the statutes authorizing the bond issues must be strictly construed. In that

case we held that expenditures from school improvement bond funds for "furnishings" were not lawful under the Act as it then read. The Legislature subsequently broadened the Act to allow expenditures for furnishings, but it did not authorize expenditures for any and all school purposes. We have had occasion before to point out the difference between the statutory provisions regarding bond issues in cities of the first class and cities of the third class. See Hager v. Board of Education of City of Ashland, 254 Ky. 791, 72 S.W.2d 475.

The School Board must show that the stadium not only serves a school purpose but also that it is a "school building." If the question were merely whether or not a school board could erect a stadium, we would have little doubt. But the question here is not whether a stadium is a structure which may be constructed legitimately by the Board "to promote public education in such ways as it deems necessary" within the meaning of KRS 160.290, but whether a stadium is a "school building." A building in its common understanding is a structure which encloses space for a useful purpose. Not everything which is built is a building. One may build a wall or a bridge, or a boat; these structures do not thereby become buildings in common understanding.

The School Board cites numerous cases from other jurisdictions. Some of them do not deal with the point before us. In Young v. Linwood School District, No. 17, 193 Ark. 82, 97 S.W.2d 627, the issue was whether a combination gymnasium-classroom building was a school building. In McNair v. School District No. 1, 87 Mont. 423, 288 P. 188, 189, 69 A.L.R. 866, the question was whether an "outdoor gymnasium and athletic field" could be brought under a statute authorizing construction of "gymnasiums." The case of Alexander v. Phillips, 31 Ariz. 503, 254 P. 1056, 52 A.L.R. 244, apparently the leading case in point, differs in that the voters in that case specifically voted for construction of the stadium, where the Louisville voters only authorized an eight million dollar bond issue for "school buildings." In considering whether or not the construction was authorized, however, the Arizona court held

that the legislative authorization of elections for the purpose of authorizing bonds for "school houses" included an authorization for bond issues for stadiums. The court apparently reasoned that, since a school house was a place for instruction, and since some athletic instruction took place in a stadium, a stadium was therefore a school house. This dubious logic was supported by a eulogy on the spiritual values of interscholastic athletic contests, of which the court took judicial notice. We think Alexander v. Phillips is not persuasive as to the intent of the Kentucky Legislature in authorizing special taxes and special bond issues for "school buildings."

For the reasons given we think the judgment should be and it is affirmed.