## Jonson v. Fiscal Court of Muhlenberg County, et al.
### (Decided Feb. 4, 1938.)

W. C. JONSON for appellant.

H. H. LOVETT, TOBE GISH and RUSSELL O'NEILL for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from the judgment of the Muhlenberg circuit court, upholding the validity of a proposed issue of some $37,000 of road and bridge bonds, the sale proceeds of which are to be used upon the construction of the "Greenville-Christian County Line Road."

The petition requesting the call of a special election in August, 1926, upon the question of whether or not the county electorate would authorize its fiscal court to issue and sell $500,000 of road and bridge bonds, allocated specific amounts of the sale proceeds thereof for use upon certain therein named and designated road and bridge projects, among which there was included a specific allocation to the "Greenville-Christian County Line Road" of $37,000 of the proceeds derived from the sale at par of this proposed $500,000 bond issue.

By a large majority of the votes cast at this election, the fiscal court was authorized to issue and sell its road and bridge bonds in the amount stated.

Under the authority thus given, the fiscal court proceeded, during the years of 1927 to 1935 inclusive, to issue and sell eight separate issues of bonds, aggregating in their amount $436,000 of the authorized bond issue of $500,000, the proceeds of which had been apportioned and used, as specifically allocated by the petition, upon those certain named ones of the county's road and bridge projects.

No part of this $436,000, representing the sale proceeds of these eight special bond issues, was applied to or used upon the "Greenville-Christian County Line Road," the road project here involved and one of the twelve county road and bridge projects named in the petition to be constructed out of the sale proceeds of the authorized bond issue and for which the sum of $37,000 was specifically allocated by the petition.

In November, 1937, or eleven years after the special 1926 bond election was held, authorizing the $500,000 bond issue and sale of road and bridge bonds by the fiscal court, it, at its regular November, 1937, session, adopted a resolution providing for the issuance and sale of the specifically authorized $37,000 of road and bridge bonds, which had been expressly allocated by the petition, and the special election held pursuant thereto, to the construction of this named "Greenville-Christian County Line Road."

The fiscal court, after adopting this resolution, next brought this suit under the Declaratory Judgment Act, Civil Code of Practice, section 639a-1 et seq., praying for a judicial declaration as to its right to make this special issue and sale of $37,000 of road bonds, which had been previously specifically provided for and authorized by the 1926 election, and as to the validity of these bonds which it was thus belatedly proposing to issue and sell under the authority given it eleven years before by the 1926 election.

The appellant, W. C. Jonson, filed answer on behalf of himself and all other citizens and taxpayers of Muhlenberg county, by which he denied and challenged the right of the fiscal court to now so belatedly exercise its earlier given authority to issue and sell the proposed bonds as a valid exercise of the authority given it under

the 1926 election, in that it had so unreasonably delayed, for the long period of eleven years, the exercise of the authority then given it to issue the bonds for the construction of the named roads, under the conditions and upon the terms then existing.

All of the material allegations of the petition were admitted by the answer, save and except the alleged right of the fiscal court to now so belatedly issue, under alleged changed conditions, the bonds for this authorized road project.

We are of the opinion that our determination of this one question presented by the appeal from the judgment of the trial court, upholding the right of the fiscal court to issue these bonds and their validity, is controlled by our earlier opinion delivered in the case of Weathers et al. v. Todd County et al., 271 Ky. 172, 111 S. W. (2d) 638.

The one question presented in the Weathers Case cannot be distinguished from the exactly like question here raised upon analogous facts.

In the Weathers Case, we affirmed the trial court's judgment upholding the validity of the fiscal court's belated issuance of $17,000 of bonds, such being the unissued balance of a $300,000 bond issue authorized by a special election held ten years prior, in that the right of the fiscal court to make such a belated issuance thereof had not been forfeited, by reason of its ten years' delay in the issuance of these bonds.

Wherefore, upon the authority of the Weathers Case, we conclude that the judgment of the learned trial court, herein appealed from, should be and it is. affirmed.